UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED SOVEREIGN
AMERICANS, INC, MICHIGAN
FAIR ELECTIONS INSTITUTE,
TIMOTHY MAURO-VETTER,
BRADEN GIACOBAZZI, PHANI
MANTRAVADI, PHILIP
O'HALLORAN, DONNA
BRANDENBURG, and NICK
SOMBERG,

    Petitioners,

v

JOCELYN BENSON, in her official
capacity as Secretary of State,
BUREAU OF ELECTIONS, DANA
NESSEL, in her official capacity as
Attorney General of Michigan, and
MERRICK GARLAND, in his official
capacity as Attorney General of the
United States,

    Defendants.

No. 24-12256

HON. ROBERT J. WHITE

MAG. ANTHONY P. PATTI

_____/

## STATE DEFENDANTS'
## REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS

                Heather S. Meingast (P55439)
                Erik A. Grill (P64713)
                Assistant Attorneys General
                Attorneys for State Defendants

                                             Michigan Department of
                                             Attorney General
                                             P.O. Box 30736
                                             Lansing, MI 48909
                                             517.335.7659
                                             meingasth@michigan.gov
                                             grille@michigan.gov

Dated: October 29, 2024

## TABLE OF CONTENTS

Page

Table of Contents ................................................................................. iii

Index of Authorities ............................................................................... iv

Argument ................................................................................................ 1

I. Plaintiffs fail to establish standing because they have not alleged an injury in fact. ................................................................ 1

    A. Individual Plaintiffs fail to establish that they have standing to sue. ................................................................. 1

    B. Organizational Plaintiffs fail to establish that they have standing to sue. ............................................................. 3

II. Plaintiffs fail to overcome State Defendants' Eleventh Amendment immunity. .................................................................. 5

III. The Mandamus Act does not provide relief to Plaintiffs because State Defendants are not federal officers. ....................... 6

Conclusion and Relief Requested ........................................................... 7

Certificate of Service .............................................................................. 8

# INDEX OF AUTHORITIES

Page

**Cases**

*Cent. Claims Serv., Inc. v. Computer Sci. Corp.*, 706 F. Supp. 463 (E.D. La. 1989) ................................................................................ 7

*Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013) ............................ 2, 4

*Davis v. Colerain Twp., Ohio*, 51 F.4th 164 (6th Cir. 2022) .................... 5

*Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367 (2024) ................................................................................................ 4

*Havens Realty Corporation v. Coleman*, 455 U.S. 363 (1982) ................ 3

*Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992) ..................................... 1

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) ........... 6

*Republican Nat'l Comm. v. Benson*, No. 1:24-CV-262, 2024 WL 4539309 (W.D. Mich. Oct. 22, 2024) ................................................ 1, 2

*Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) ......................................... 2

*Tennessee Conf. of the Nat'l Ass'n for the Advancement of Colored People v. Lee*, 105 F.4th 888 (6th Cir. 2024) ......................................... 5

**Statutes**

28 U.S.C § 1361 .................................................................................. 6

**Constitutional Provisions**

Mich. Cont. 1963, Art. IV, § 1 ............................................................. 6

# ARGUMENT

## I. Plaintiffs fail to establish standing because they have not alleged an injury in fact.

To establish standing, individual plaintiffs and organizational plaintiffs must allege that they have suffered an "injury in fact." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). But Plaintiffs fail to do so.

### A. Individual Plaintiffs fail to establish that they have standing to sue.

Plaintiffs include six individual voters in Michigan. These Plaintiffs assert that they have standing because Michigan's "action diminished the effectiveness of their vote," which amounts to a vote dilution theory. (ECF No. 16, PageID.157.) But Plaintiffs' alleged vote dilution injury is not particularized and thus not an "injury in fact."

In dismissing a similar lawsuit last week, the Western District of Michigan held that an individual plaintiff's "subjective concern about the integrity of Michigan elections, including their professed concern about vote dilution, is the type of generalized grievance common to all Michigan residents. These concerns are not 'particularized' to [individual plaintiffs]." *Republican Nat'l Comm. v. Benson*, No. 1:24-CV-262, 2024 WL 4539309, at *9 (W.D. Mich. Oct. 22, 2024). There, the Western District explained that the Supreme Court has not diminished

1

"the irreducible constitutional minimum of standing," which is "that a plaintiff must have suffered 'a concrete and particularized injury-in-fact.'" *Republican Nat'l Comm. v. Benson*, No. 1:24-CV-262, 2024 WL 4539309, at *9 (W.D. Mich. Oct. 22, 2024), citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

Plaintiffs commit the same error in this lawsuit. In their Response, Plaintiffs assert that their individual plaintiffs were injured because they "sent written inquires to agents of Respondents," "comb[ed] through innumerable pages of hard voter data," and "create[d] a comprehensive report on apparent registration and voting violations." (ECF No. 16, PageID.161)

These voluntary acts are not injuries. And if they were, they would not meet the injury-in-fact requirement. The Supreme Court has held that a plaintiff "cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013). Plaintiffs chose to file information requests, to which they admit state agents responded. (ECF No. 16, PageID.161.)

2

Yet now they seek to transform that interaction into an injury. Plaintiffs' arguments are not sufficient to establish standing.

### B. Organizational Plaintiffs fail to establish that they have standing to sue.

Organizational Plaintiffs United Sovereign Americans, Inc., and Michigan Fair Elections Institute also fail to establish that they have standing to sue. In cursory manner, Plaintiffs cite the legal standards for organizational standing, but they fail to apply them. (ECF No. 16, PageID.158-59.) At best, they allege that Plaintiff United Sovereign Americans, Inc., was injured because it "sent multiple written inquiries to state election officials requesting information...." (ECF No. 16, PageID.159.)

The Supreme Court has held that the inquiry regarding injury-in-fact to organizations is "the same inquiry as in the case of an individual," which is whether the organization has alleged "a personal stake in the outcome of the controversy." *Havens Realty Corporation v. Coleman*, 455 U.S. 363, 378-79 (1982) (internal citations omitted). Organizational Plaintiffs have failed to meet this standard.

Their "written inquires" are not sufficient to meet the injury-in-fact requirement. (ECF No. 16, PageID.159.) As previously explained, a

3

plaintiff "cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending." *Clapper*, 568 U.S. at 416. But that is precisely what organizational Plaintiffs seek to do here.

Moreover, organizational Plaintiffs cannot establish standing by investing their resources into an investigation and then suing the government because of it. Earlier this year, the Supreme Court explicitly ruled out "the expansive theory that standing exists when an organization diverts its resources in response to a defendant's actions." *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 370 (2024). Yet that is the chief basis upon which organizational Plaintiffs United Sovereign Americans, Inc., and Michigan Fair Elections Institute claim standing: that they invested time in requesting information from the state. (ECF No. 16, PageID.159.) This is no basis for standing.

Moreover, when pleading for injunctive relief, all plaintiffs— individual and organizational—cannot merely allege a "past injury" but "must instead show that the same kind of injury is '*certainly* impending' in the future." *Tennessee Conf. of the Nat'l Ass'n for the Advancement of*

4

*Colored People v. Lee*, 105 F.4th 888, 904 (6th Cir. 2024), citing *Davis v. Colerain Twp., Ohio*, 51 F.4th 164, 172 (6th Cir. 2022). Nowhere in their Response or Complaint do Plaintiffs establish that their alleged injury is "certainly impending." *Id.*

For these reasons, all Plaintiffs have failed to establish that they have standing to sue. This Court should therefore dismiss this lawsuit.

## II. Plaintiffs fail to overcome State Defendants' Eleventh Amendment immunity.

In their Response to Defendants' motion to dismiss, Plaintiffs dedicate a little over two pages to arguing that the Eleventh Amendment's sovereign immunity does not bar their claims against State Defendants. (ECF No. 16, PageID.164-66.) But this cursory treatment is not enough, and this issue is fatal to their claims.

In their Response, Plaintiffs put all their eggs in one basket and cite the *Ex Parte Young* principle without acknowledging State Defendants' argument that this exception to immunity does not apply. (ECF No. 16, PageID.165-66.)

It is worth reiterating Defendants' *Ex Parte Young* argument, for the second time. (ECF No. 12, PageID.132-135.) The Supreme Court has held that *Ex Parte Young* is "inapplicable in a suit against state

5

officials on the basis of state law." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). As Defendants previously explained and Plaintiffs fail to rebut, Plaintiffs fail to state a federal claim, leaving only state law claims. For that reason, *Ex Parte Young* does not apply, and the Eleventh Amendment bars Plaintiffs' claims against State Defendants.

### III. The Mandamus Act does not provide relief to Plaintiffs because State Defendants are not federal officers.

Last, Plaintiffs fail to establish that the Mandamus Act provides any basis for seeking relief against State Defendants. Defendants previously argued that 28 U.S.C § 1361, the "Mandamus Act," gives courts jurisdiction only over federal agencies and federal officials. (ECF No. 12, PageID.130.)

In their Response, Plaintiffs attempt to establish federal officer status in the context of the All Writs Act, where they argue that the "Secretary of State, though not a federal officer per se, Constitutionally and by necessity, becomes a quasi-federal officer as an agent of the Michigan General Assembly." (ECF No. 16, PageID.167.)[1]

---

[1] Presumably, Plaintiffs are referring to the Michigan Legislature. *See* Mich. Cont. 1963, Art. IV, § 1.

6

This argument is both untrue and nonsensical. There is no precedent to support the claim that state election officials become "quasi-federal officials" when they administer elections. The Secretary is also not "an agent of the Michigan General Assembly." (*Id.*) Typically, courts will apply a "quasi-federal official status" to private corporations acting in an "intermediary capacity" for federal agencies. *See, e.g., Cent. Claims Serv., Inc. v. Computer Sci. Corp.*, 706 F. Supp. 463, 470 (E.D. La. 1989). But Michigan's state officials do no such thing during an election. For this reason, Plaintiffs fail to establish that the relief they request is even available to them under the Mandamus Act.

## CONCLUSION AND RELIEF REQUESTED

For these reasons and those stated in their prior brief, State Defendants request that this Court grant their motion to dismiss and dismiss this case with prejudice.

Respectfully submitted,

*/s/Heather S. Meingast*
Heather S. Meingast (P55439)
Erik A. Grill (P64713)
Assistant Attorneys General
Attorneys for Respondents Benson,
Nessel and Bureau of Elections
P O Box 30736
Lansing, Michigan 48909

Dated: October 29, 2024            517.335.7659

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2024, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*/s/Heather S. Meingast*
Heather S. Meingast (P55439)
Assistant Attorneys General
PO Box 30736
Lansing, Michigan 48909
517.335.7659

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED SOVEREIGN AMERICANS, INC, MICHIGAN FAIR ELECTIONS INSTITUTE, TIMOTHY MAURO-VETTER, BRADEN GIACOBAZZI, PHANI MANTRAVADI, PHILIP O'HALLORAN, DONNA BRANDENBURG, AND NICK SOMBERG,<br><br>    Plaintiffs,<br><br>v.<br><br>JOCELYN BENSON, IN HER OFFICIAL CAPACITY AS SECRETARY OF STATE, BUREAU OF ELECTIONS, DANA NESSEL, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF MICHIGAN, AND MERRICK GARLAND, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES,<br><br>    Defendants. | Case No. 24-12256<br><br>HON ROBERT J. WHITE |

**BRIEF FORMAT CERTIFICATION FORM**

I, Heather Meingast, certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1, and Judge White's Case Management Requirements, including the following (click each box to indicate compliance):

- ☒ the **original** brief contains a statement regarding concurrence, *see* LR 7.1(a);

- ☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

- ☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

- ☒ the brief and all exhibits are filed in searchable PDF format, *see* Case Management Requirements § III.A;

- ☒ except for footnotes and necessary block quotes, the brief is double spaced (not "Exactly 28 pt" spaced) with one-inch margins, *see* LR 5.1(a)(2);

- ☒ deposition transcripts have been produced in their entirety (not in minuscript), *see* Case Management Requirements § III.A **(not applicable)**;

- ☒ if the brief and exhibits total 50 pages or more, I will mail to chambers a courtesy copy with ECF headers, *see* Case Management Requirements § III.B **(not applicable)**.

I also acknowledge that my brief will be stricken from the docket if the Court later finds that these requirements are not met.


*/s/ Heather S. Meingast*
Heather S. Meingast
Attorney for State Defendants