UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| United Sovereign Americans, Inc., et al., <br><br> Plaintiffs, <br><br> v. <br><br> Jocelyn Michelle Benson, et al., <br><br> Defendants. | Civil No. 24-12256 <br><br> Honorable Robert J. White <br> Mag. Judge Anthony P. Patti |

## REPLY IN SUPPORT OF FEDERAL DEFENDANT'S MOTION TO DISMISS

Plaintiffs' response confirms that dismissal of their claims against Federal Defendant is warranted. Plaintiffs cannot overcome the jurisdictional and pleading issues raised in Federal Defendant's motion to dismiss. The Court should dismiss Plaintiffs' claims against Federal Defendant accordingly.

**I.     Plaintiffs Lack Standing to Sue Federal Defendant.**

First, Plaintiffs do not meet their burden to establish Article III standing for their claims against Federal Defendant. As Plaintiffs acknowledge, Article III standing has three elements: (1) injury in fact, (2) causation, and (3) redressability. (ECF No. 19, PageID.231.) Plaintiffs' response asserts that they meet these elements by alleging that state officials did not appropriately respond to plaintiff Mauro-Vetter's information requests about the 2022 election and that other

plaintiffs Bradenburg, Giacobazzi, and Mantrvadi were affected by the 2022 results or will be impacted in 2024. (ECF No. 19, PageID.234–35.) But, as explained in Defendant's opening brief, Plaintiffs' allegations regarding the 2022 election do not amount to injury in fact because Plaintiffs are not challenging the 2022 election in this case. (ECF No. 18, PageID.207–08.) Nor do Plaintiffs allege any connection to Federal Defendant for their information requests or the supposedly inaccurate data they were provided. (*See* ECF No. 19, PageID.234–35.) Plaintiffs thus cannot rely on these allegations to establish injury in fact.

Plaintiffs also claim to meet injury in fact based on their alleged fear that the "errors" they believe occurred in 2022 "will reoccur." (*Id.* at PageID.235.) These allegations amount to nothing more than "speculative fear" of future injury, without any tangible connection to Federal Defendant. *See Clapper v. Amnesty Int'l*, 568 U.S. 398, 410 (2013). Plaintiffs cannot meet standing through such vague, unsupported allegations.

Further, Plaintiffs cannot meet standing based on all the alleged work they put in to "comb through" voter data, contact State officials, and create a report on their findings. (ECF No. 19, PageID.235–36.) Plaintiffs' choices on how to spend their time do not constitute injury in fact; indeed, such allegations are quintessential examples of a plaintiff seeking to "manufacture standing" by choosing to expend resources in a certain way. (*See* ECF No. 18, PageID.210–11

2

(citing *Clapper*, 568 U.S. at 416; *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 394 (2024)).) As such, because Plaintiffs' allegations do not amount to injury in fact, they lack standing to sue Federal Defendant.

The authority Plaintiffs cite is inapposite given Plaintiffs' alleged harms.[1] None of these cases provide that a plaintiff meets Article III standing to sue the U.S. Attorney General (or similar defendant) based on a fear that future election results will be inaccurate. (*See* ECF No. 19, PageID.231–33.) For example, *Gray v. Sanders*, 372 U.S. 368, 375 (1963) concerned a constitutional challenge against Georgia election officials over vote counting and a weighted vote system. The Court found the plaintiff, a qualified voter, had standing as a "person whose right to vote is impaired" under the weighted vote system. *Id.* In *Federal Election Comm'n v. Akins*, 524 U.S. 11, 21 (1998), the plaintiffs were a group of voters who sought review of a decision by the Federal Election Commission and sued under FECA, which specifically authorized a private action. The Court found the plaintiffs had prudential standing given FECA's language authorizing suit for "aggrieved" parties and the injury plaintiffs claimed. *Id.* at 19–20. In *Baker v. Carr*, 369 U.S. 186, 208 (1962), the plaintiffs were voters who challenged

---

[1] Plaintiffs' complaint does not allege organizational standing, so the Court can disregard Plaintiffs' arguments on this point. (ECF No. 19, PageID.223.) The Complaint does not allege that any of the individual plaintiffs are members of United Sovereign Americans, nor does it assert standing by United Sovereign Americans on its own. (*See* ECF No. 1, PageID.18; ECF No. 18, PageID.208 n.1.)

3

Tennessee's apportionment statute on the basis that the statute resulted in "a gross disproportion of representation to [the] voting population" based on counties of residence. Given these allegations, the Court found that plaintiffs had standing because they asserted a "plain, direct, and adequate interest in maintaining the effectiveness of their votes," not just a claim that "the government be administered according to law." *Id.* And *Massachusetts v. EPA*, 549 U.S. 497 (2007) did not concern voting rights. There, the plaintiff was Massachusetts, which alleged specific environmental harms from greenhouse gas emissions. *Id.* at 521–22. The Court found standing because the plaintiff was a sovereign state, not a private individual, so entitled to "special solicitude in [the] standing analysis." *Id.* at 518, 520. Thus, these cases do not support Plaintiffs' attempts to establish standing to sue Federal Defendant.

Last, Plaintiffs do not respond to Federal Defendant's arguments regarding causation and redressability. (*See* ECF No. 19, PageID.230–38.) Plaintiffs thus waive opposition to dismissal on these grounds. *See Humphrey v. U.S. Att'y Gen. Off.*, 279 F. App'x 328, 331 (6th Cir. 2008). Even still, Plaintiffs' complaint does not satisfy either element, as their alleged harms do not relate to action (or inaction) by Federal Defendant, nor does this Court have authority to order Federal Defendant to perform discretionary duties. (*See* ECF No. 18, PageID.212–213.)

4

Because Plaintiffs cannot establish standing, their claims against Federal Defendant should be dismissed for lack of jurisdiction.

## II. Plaintiffs' Mandamus Claim Must Be Dismissed for Lack of Jurisdiction.

Plaintiffs' mandamus claim also fails for lack of jurisdiction. Plaintiffs attempt to assert a mandamus claim based on the notion that Federal Defendant "has a duty to enforce and prosecute federal election laws." (ECF No. 19, PageID.229.) Yet as Federal Defendant's opening brief makes clear, mandamus is not available "if the action that the petitioner seeks to compel is discretionary." (ECF No. 18, PageID.214 (quoting *Carson v. U.S. Off. of Special Counsel*, 633 F.3d 487, 491 (6th Cir. 2011)).) Because Plaintiffs do not identify a clear non-discretionary duty to act, their mandamus claim fails.

## III. Plaintiffs Cannot Pursue Their Claims Under the All Writs Act.

Finally, Plaintiffs concede that they have invoked the All Writs Act as a last resort because no other statute provides them a cause of action against Federal Defendant. (*See* ECF No. 19, PageID.243–45.) This concession defeats their claim, however, because the All Writs Act, alone, cannot sustain Plaintiffs' claims against Federal Defendant. (ECF No. 18, PageID.217 ("[T]he All Writs Act does not confer jurisdiction under federal courts." (quoting *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002))).) Nor can Plaintiffs use the All Writs Act to create their own cause of action. (*See id.*) At bottom, the All Writs Act provides no

5

basis for Plaintiffs to sue Federal Defendant and compel discretionary action to be taken. Plaintiffs' claims under the All Writs Act must be dismissed accordingly.

## CONCLUSION

For these reasons, and as stated in Federal Defendant's opening brief, the Court should grant Federal Defendant's motion and dismiss all claims against Federal Defendant.

    Respectfully submitted,

    **Dawn N. Ison**
    United States Attorney

    s/Priya Bodary
    **Priya Bodary** (CA319527)
    Assistant U.S. Attorney
    211 W. Fort St., Ste. 2001
    Detroit, MI  48226
    (313) 226-0831
    Email:  Priya.Bodary@usdoj.gov

Date:  December 20, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| United Sovereign Americans, Inc., et al., <br><br> Plaintiffs, <br><br> v. <br><br> Jocelyn Michelle Benson, et al., <br><br> Defendants. | Civil No. 24-12256 <br><br> Honorable Robert J. White <br> Mag. Judge Anthony P. Patti |

## **BRIEF FORMAT CERTIFICATION FORM**

I, Priya Bodary, certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1, and Judge White's Case Management Requirements, including the following (click each box to indicate compliance):

☒ the brief contains a statement regarding concurrence, *see* LR 7.1(a);

☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☒ the brief and all exhibits are filed in searchable PDF format, *see* Case Management Requirements § III.A;

☒ except for footnotes and necessary block quotes, the brief is double spaced (not "Exactly 28 pt" spaced) with one-inch margins, *see* LR 5.1(a)(2);

☒ deposition transcripts have been produced in their entirety (not in minuscript), *see* Case Management Requirements § III.A;

☒ if the brief and exhibits total 50 pages or more, I will mail to chambers a courtesy copy with ECF headers, *see* Case Management Requirements § III.B.

I also acknowledge that my brief will be stricken from the docket if the Court later finds that these requirements are not met.

s/ Priya Bodary
**Priya Bodary**
Assistant U.S. Attorney
Attorney for Defendant Merrick Garland

2